## JONES *v.* SMYTH & a.

By Revised Statutes, chapter 139, the finder of goods is not required to proceed in the measures there described, if the owner is known.

DEBT, to recover a penalty founded upon chapter 139, sections 3–10, of the Revised Statutes.

The declaration alleged that on the 28th day of November, 1844, the defendants found twenty-five yards of velveteen cloth, of the value of $13.50; that they did not post up a notice within six days, describing it, at two places in Manchester, or at any public place in any two towns adjoining Manchester, nor cause a copy of the notice to be published three weeks successively in some paper circulated in said towns, nor cause the cloth to be appraised, &c.

The defendants pleaded the general issue, and the plaintiff offered in evidence a letter, signed, " Smyth & Child," the partnership name of the defendants, dated on the 8th day of May, 1845, and directed to the plaintiff. The letter was as follows: " We, some time ago, found a bundle of velveteen cloth, left at our store, and marked with your name, we believe. We lay it back, meaning to write you, but forgot to, and have just come across it. If you lost such goods several months ago, please send for it, and you can have it. We could not make out the name exactly, but think it must be yours. The mark is now entirely off. Smyth & Child."

The plaintiff then introduced a witness, who stated that he called with the plaintiff at the store of the defendants at Manchester, on the 24th day of May, 1845.

The plaintiff told Child that he had come for that piece of cloth, described in the letter, which was produced. Child then laid a piece of velveteen cloth on the counter, which the witness measured, and found to contain twenty-five yards.

The plaintiff asked him if he had advertised the cloth. Child answered that it had not been advertised, and nothing was said about any notice having been given.

Something was said by Child about the cloth having been left there by the express agent. The plaintiff took the cloth, and carried it away.

The court ruled that the burthen was on the plaintiff

to show that the defendants had not complied with the requisitions of the statute on which the action is founded, and that the statement of Child, "that the cloth had not been advertised," was not evidence that the defendants had not complied with the requisitions of the statute, "to post up notice at public places," &c.

The defendants contended that one partner could not subject his copartner to a liability of this description, by any admission he might make.

A verdict was taken for the defendants, by consent, subject to the opinion of this court upon the foregoing case.

*Barstow*, for the plaintiff.

*Cross & Clark*, for the defendants.

Gilchrist, J. The statute which is the foundation of this action proceeds upon a principle recognized from ancient times by the common law, that gave "*wreck, jetsam, flotsam* and *ligan*, as well as *animalia vagantia, treasure-trove*, &c., to the king, because, by the rule of the common law, when no man can claim property in any goods, the king shall have them by his prerogative." It was said that "the king shall have wreck as he shall have great fish, &c., because they are *nullius in bonis*, or as he shall have estrays, because none claims the property." *Sir Henry Constable's Case*, 5 Co. 109. *Coke* also says that wreck passeth "by franchise granted, by name of a thing found in no man's goods, as wreck of sea, cattle estraying, conies, hares, partridges, and other savage beasts," &c.

These expressions indicate that the estray, or other thing found, to be within the purview and policy of the law providing for the disposal of such things, must appear to be without an owner, like the wild animals that range in the forests or fields; and that, where the owner is known, the

beast, or other chattel, cannot properly be deemed to be an estray, or fall within the legal meaning of the term, "lost goods."

It would be wholly frivolous, or worse, perhaps, to require a party into whose possession the well-known horse or watch of his neighbor comes by any accident, to require him to go through the formality of advertising it as lost or strayed, when the more obvious course should be open to him of communicating to the owner himself where his goods might be found. The statute has, therefore, very properly limited the duty of advertising to the cases in which the owner of the goods is unknown to the party who has received them into his possession.

Such was not the case here. There is no evidence whatever of such a finding as the statute provides for, since the parcel was known by the defendants to be the property of the plaintiff, by the very plain and significant token of having his name upon it.

If there were evidence of any improper detention of the goods by the defendants, of which the case furnishes none whatever, there are remedies for such supposed wrong. But it is quite clear that so long as the defendants knew who the owner was, they could not, with propriety, have proceeded under the statute, to treat the goods as lost.

This conclusion renders it unnecessary to consider the other questions raised, and there must be

*Judgment on the verdict.*